[Sac. No. 1134. Department One.—September 16, 1905.]

W. A. VESTAL, Respondent, v. CHARLES YOUNG et al., Appellants.

Injunction—Flume upon Public Land—Change of Easement after Patent—Construction of Ditch.—One who has acquired an easement upon public land for a flume conveying water to his own land for beneficial use cannot change the character and place of the easement after the title to such land has been acquired subject to the easement without the consent of the owner of the land; and such owner may enjoin him from using a ditch subsequently constructed elsewhere upon his land to prevent the acquisition of a new easement thereupon.

Id.—Pleading—Evidence—Finding—Immaterial Variance.—In the action to obtain such injunction, where the complaint alleged that the ditch was constructed in a certain year, and the court found from the evidence that a few rods of it were constructed five years earlier, it was proper to find according to the evidence, the variance being immaterial.

Id.—Time for Filing Amended Complaint—Discretion of Court—Construction of Code.—Section 1054 of the Code of Civil Procedure has no application to the time which the court may allow in which plaintiff may file an amended complaint; and the extension of time allowed therefor, more than thirty days, is within the discretion of the court, and is not subject to review if no abuse of discretion appears.

ID.—REFUSAL TO DISMISS FOR WANT OF PROSECUTION—DISCRETION.—A
motion to dismiss an action for want of prosecution is addressed to
the discretion of the court, and an order refusing it in which no
error appears will not be disturbed.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

W. M. Boardman, for Appellants.

N. J. Barry, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendants from a judgment enjoining them from using or maintaining a certain ditch constructed by them upon and across certain land of plaintiff in Lassen County, from carrying or conducting water across said land by means of said ditch, and from entering upon said land for the purpose of repairing said ditch, and also awarding plaintiff five dollars damages and his costs.

The facts of the case, as shown by the findings of the court, are very simple. Plaintiff acquired his land by patent from the United States on April 18, 1883, and has ever since owned and possessed the same. While this land was still unoccupied land of the government,—viz., about the year 1865,—the defendants, or their grantors, constructed across this land, a flume ranging from two to three feet in width and about sixteen inches in depth, and diverted water from Pitt River into said flume, and by means thereof conducted the water across this land to their own adjoining lands, where they used it for a beneficial purpose. This use of the flume by defendants was continuous from the year 1865 to the year 1896, and there is no question in the case as to the right of defendants to continue such use, and exercise and enjoy all the incidents thereof.

In the year 1896, defendants, without plaintiff's consent, constructed on plaintiff's land about six rods of ditch on a line different from ,and from one to twenty feet distant from, the flume line. In the year 1900, defendants, without plaintiff's consent, extended the six rods of ditch to a ditch four feet in width and three feet in depth, extending across the

northern portion of plaintiff's land for about one fourth of a mile, on a line distant from one to twenty feet from the flume line, but extending in the same general direction. Ever since then defendants have carried their water across plaintiff's land by means of said ditch, and threaten to continue so to do, and have discontinued the use of their flume, with the exception of about five rods at the intake of the water from the river.

The trial court found that "by reason of such acts and threatened acts of defendants, the plaintiff is, and will be obstructed in his rights to the free use and possession of his said lands to which he is entitled as the owner in fee simple thereof, and that such acts of defendants will, if continued, ripen into an easement."

This action was commenced September 26, 1900.

1. There can be no doubt that the facts detailed above, shown by the findings, fully sustain the judgment as to the injunction. The right of defendants in regard to plaintiff's land, whatever its source, was simply to continue the use thereof they were enjoying at the time he acquired the land. They were then maintaining a flume across the same for the purpose of carrying the water, which, it may be assumed, they had lawfully appropriated, and for which they, consequently, had a right of way over the land, under the provisions of the act of Congress of July 26, 1866. (Rev. Stats. U. S., secs. 2339, 2340, [Comp. Stats. U. S., 1901, p. 1437].)

This right of way had, at the time plaintiff acquired his land, been definitely fixed and located along a certain line, and the method of use thereof—viz., a flume—apparently finally adopted. For many years after the acquirement by plaintiff of his land, the use along this line and in this manner was continued and acquiesced in by all the parties.

We need not here discuss the question as to whether defendants might lawfully have constructed a ditch of the same size as their flume *along their flume line*. (See, however, *Allen* v. *San Jose Land etc. Co.,* 92 Cal. 138, [28 Pac. 215]; *Barrows* v. *Fox,* 98 Cal. 63, 66, [32 Pac. 811].)

They constructed this ditch upon another line, and for this purpose they appropriated to their use different land of plaintiff.

The precise location of the right of way had been as defi-

nitely and finally fixed by the acts of the defendants as it would have been had the metes and bounds been set forth in an instrument of grant. (See 14 Cyc. of Law & Prac., pp. 1161, 1205.) Defendants had acquired the right to that precise location and no other. The remainder of plaintiff's land was his, free from any right of defendants. We know of no principle of law that would warrant defendants in subjecting without his consent another and different portion of his land to their use, even although they abandoned their former location. It is elementary that the location of an easement of this character cannot be changed by either party without the other's consent, after it has once been finally established, whether by the express terms of a grant or by acts of the parties tantamount in their effect. (See *Jaqui* v. *Johnson*, 27 N. J. Eq. 526, 552.) The granting of a right over one portion of a person's land, gives the grantee no right over any other portion. Where such a grantee attempts to exercise his right over some other portion, by subjecting such portion to his use, without the consent of the owner, he deprives the owner of the free use and possession thereof, and his acts, if continued the requisite time, will ripen into an easement, and the owner will be permanently deprived of his property. That such a result injuriously affects the rights of the owner cannot well be questioned. As was said in *Brown* v. *People's Ditch Co.*, 104 Cal. 248, [37 Pac. 922], "It is well settled that the owner of an easement cannot change its character, or materially increase the burden upon the servient estate, or injuriously affect the rights of other persons."

It is entirely immaterial in this connection that the new line was only from one to twenty feet distant from the old line. It was upon property of plaintiff, over which defendants had no right whatever, and the principle is the same as if the new line had been hundreds of feet away from the old one.

It is suggested that the trial court did not find in what *particulars* the plaintiff will be obstructed in his rights to the free use and possession of his land, or injured in his property, by the maintenance of the ditch. The facts found and detailed above, sufficiently show this. By the maintenance and use of the ditch, plaintiff is deprived of the free use and possession of his real property without right—and will be per-

manently deprived thereof if such maintenance and use are
continued. This alone is sufficient to entitle plaintiff to the
relief by injunction granted. It is the settled law of this
state, that irrespective of other damage, an injunction will
be granted to prohibit the continuance of action that ob-
structs one in the free use and enjoyment of his land where
such action, if continued, will ripen into an easement. (See
*Ewing* v. *Mott,* 90 Cal. 231, 237, [27 Pac. 194]; *Walker* v.
*Emerson,* 89 Cal. 456, 458, [26 Pac. 968]; *Moore* v. *Clear
Lake W. W.,* 68 Cal. 146, 150, [8 Pac. 816]; *Conkling* v.
*Pacific Improvement Co.,* 87 Cal. 296, 305, [25 Pac. 399];
*Henne* v. *Lankershim,* 146 Cal. 70, [79 Pac. 591].)

2. It is contended that the findings are without the issues,
in so far as it is found that a portion of this ditch, viz.: about
six rods, was constructed in the year 1896, the only suggestion
of the complaint in this regard being that "in the early part
of the year 1900 . . . defendants . . . made and con-
structed" the ditch complained of. The variance as to the
small portion of ditch constructed in 1896 was immaterial,
and the court properly found according to the evidence.
(Code Civ. Proc., sec. 470.)

3. Complaint is made that the court failed to find upon
certain issues tendered by defendants' answers. In so far as
the allegations are material here, they appear to be covered
by the findings heretofore stated.

4. What has already been said disposes of the contention
that the demurrers to the amended complaint should have
been sustained. The allegations of such complaint as to the
invasion of plaintiff's rights and the effect thereof were sub-
stantially the same as the findings of the court in regard
thereto.

5. It is contended that two motions to dismiss the action,
made by defendants prior to the filing of their answer, should
have been granted. The first motion was made prior to the
filing of the amended complaint, and the second thereafter.
Both motions were made upon substantially similar grounds
and were based upon the same facts.

The original complaint was filed September 26, 1900. A
demurrer thereto was served and filed November 9, 1900. On
December 21, 1900, according to the original minute entry,
"Counsel for plaintiff confesses demurrer, and asks that he

·be given 30 days' time in which to amend complaint, counsel for defendants consents to said request, whereupon the court ·orders that counsel for plaintiff be and he is hereby given 30 ·days in which to amend complaint in said action.'' Within ·the life of this order, the judge made another order, granting plaintiff thirty days' further time within which to serve and file his amended complaint. Within that time—to wit, on February 20, 1901—the judge made another order granting ·an additional thirty days. The amended complaint was filed ·on March 21, 1901.

The first motion was made March 9, 1901, the ground ·thereof being that under section 1054 of the Code of Civil ·Procedure the judge had no authority to extend the time in ·which to file an amended complaint beyond thirty days, that ·his second and third orders were consequently void, that ·defendant, having failed to amend within the first thirty ·days, was in default, and that the action *must* therefore be ·dismissed. The second motion was on the further stated ·ground that plaintiff had failed to prosecute his action.

There was some dispute as to whether the minutes correctly stated the proceedings, and the court ordered the same ·corrected so as to leave out the statement that plaintiff confessed the demurrer and to show simply that plaintiff had ·asked leave to file an amended complaint within thirty days, which request was granted.

We deem it entirely immaterial whether the original minute entry was or was not correct in this respect.

We know of no statutory provision limiting the power of ·the trial court as to the time that may be given to a plaintiff ·to serve and file an amended complaint. Section 1054 of the Code of Civil Procedure, relied upon by defendants, has no ·application. That section is limited by its terms to cases ·where time is allowed by some provision of that code for the ·doing of some act, and was designed to enable the court or ·judge to grant additional time to that allowed by the code, ·upon good cause shown. In granting the power to so *extend* ·the time *allowed by the code*, it was thought proper to limit ·it to thirty days. But the time within which one may file an ·amended complaint, when permitted by the court so to do, is ·not specified by any provision of law, and is a matter resting ·entirely within the discretion of the court. Where there is

any abuse of this discretion, probably a remedy would be found on appeal, but in the absence of a statutory provision forbidding it we cannot hold that a court is without power to grant more than thirty days for the filing of an amended complaint.

The second and third orders extending the time were not therefore void. Nor can we see that there was any prejudicial error in the granting of such orders.

The motion for dismissal on the ground of want of prosecution was addressed to the discretion of the court, and there was no error in denying the same.

These are the only points requiring notice on this appeal. The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.