[L. A. No. 1848.   Department One.—June 19, 1907.]

## KERN ISLAND IRRIGATING COMPANY, Appellant, v. CITY OF BAKERSFIELD, Respondent.

WATER-DITCH—CITY STREET—CONSENT OF ABUTTING OWNERS.—The consent of the owners of lots abutting on a street in a city to the construction and maintenance of a water-ditch in the street is not binding on the municipal authorities.

ID.—INDEFINITE GRANT OF RIGHT OF WAY—DETERMINATION BY USER—SUBSEQUENT CHANGE OF SIZE AND LOCATION—PUBLIC HIGHWAY.—An oral grant by the owner of land of a right of way to make or use a ditch along the same which was indefinite both as to the size and precise location of the ditch, becomes fixed and certain as to its size and location by the taking and using of an existing ditch for the purposes agreed upon. The grant of such right of

way did not carry with it the right to subsequently enlarge the old ditch, change its course, or make another ditch upon a new line. Consequently, a new ditch subsequently constructed along the land upon a different line, after the land had been dedicated to and accepted as a public highway, is an unlawful obstruction to such highway.

ID.—ADVERSE POSSESSION—PRESCRIPTIVE RIGHTS IN HIGHWAY.—The user for a period of eleven years of a ditch unlawfully constructed and maintained in a public highway, without objection from the public authorities, creates no prescriptive right in favor of the owner of the ditch to continue to maintain the same as a ditch along the highway.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Laird & Packard, and H. L. Packard, for Appellant.

C. C. Cowgill, and George Flournoy, Jr., for Respondent.

SHAW, J.—Appeal by plaintiff from the judgment and from an order denying its motion for a new trial.

The object of the action was to enjoin the defendant from obstructing a certain water-ditch in the city of Bakersfield and extending along Chester Avenue, from Fifth Street south to Fourth Street. The plaintiff claims to be the owner of the ditch and to be entitled to use it, and that its right is superior to that of the public to use the street as a public highway.

The facts shown by the evidence are as follows: In 1887 the owner of some four hundred acres of farming land, subdivided it into lots and streets for the purpose of selling the lots for residence purposes, and at the same time made a map of the subdivision showing Chester Avenue as a public street, including the part thereof between Fourth and Fifth streets. There was then, and had been for many years, a small irrigating ditch in and along that part of the avenue. In order to make the lots suitable for residence purposes, and salable, it was necessary that a supply of water for irrigating and domestic use thereon should be available. To secure this the

owners of the tract verbally agreed with the plaintiff to give
it a right of way along Chester Avenue for a ditch in which
to conduct the water to the abutting lots. In consideration
thereof, the plaintiff agreed to sell and supply water from the
ditch to lot owners. In pursuance of this agreement, which
was indefinite as to the exact location and size of the right
of way, the plaintiff took possession of the small ditch afore-
said, and for five years thereafter,—that is, until some time in
the year 1892,—used that ditch to supply the water to the
persons who bought lots on the avenue. During that period a
number of lots abutting on that part of the avenue above
mentioned were sold and the avenue became established as a
public highway by the dedication of the original owners of
the tract and by the acceptance and user thereof by the
public. The court found that it became such highway about
January 1, 1888. It is claimed that this finding is not justified
by the evidence. The precise time at which it became a public
highway is not important to the case, provided it appears
that it was prior to the year 1892, when the new ditch, men-
tioned in the complaint, was made. There is evidence suffi-
cient to justify a finding that it became such public highway
in March, 1889. The verbal agreement for the right of way,
and the taking of the small ditch, seem to have been prior
to the dedication and acceptance of the avenue as a highway,
and it does not appear that the plaintiff joined in the dedica-
tion. Consequently, the highway was subject to the right
of the plaintiff to use this small ditch as a conduit for the
water. In 1892 the demand for water had increased and the
small ditch was not large enough to carry the water necessary
to supply that demand, which included water for irrigating
farming lands below the tract subdivided. Some time during
this latter year the plaintiff made the ditch in controversy.
It continued to use this new ditch thereafter until the ob-
struction complained of, which was in November, 1903. The
new ditch had five or six times greater capacity than the old
ditch. It was not built on the same ground as the old ditch,
but was placed in the avenue on a different line. No consent
or right for its construction and maintenance in the highway
was ever given by the board of supervisors of the county, nor
by the city of Bakersfield. The city was incorporated in
February, 1898. No objection to this ditch is shown to have

been made by the public authorities, until the action of the city in 1903, which is the subject of this complaint.

Upon these facts the court in effect found that the plaintiff had no right to maintain the ditch in a public street and gave judgment for the defendant. We think the judgment is correct. It may be true, as claimed, that the owners of the abutting lots orally agreed to the construction and maintenance of the large ditch in the street. Such an agreement, however, could not bind the public authorities. The agreement was not executed until long after the avenue became a public highway. Therefore, the right of way for the new ditch upon a different line from that of the old one was not paramount to the right of the public to use the highway, but was an unlawful obstruction thereto. The right given in 1887 was a general right to make or use a ditch at some place in the street and was indefinite both as to the size and precise location of such ditch. The size and location of the ditch became fixed and certain when the small ditch was taken and used for the purposes agreed upon. (*Winslow* v. *Vallejo,* 148 Cal. 725, [113 Am. St. Rep. 349, 84 Pac. 191].) The oral grant of a right of way then became fixed and complete. It did not include or carry with it any right to enlarge the old ditch, change its course, or make another ditch upon a new line, after it thus became fixed and definite. (Civ. Code, sec. 806; *Vestal* v. *Young,* 147 Cal. 715, [82 Pac. 381]; *Allen* v. *San Jose L. and W. Co.,* 92 Cal. 138, [28 Pac. 215]; *Winslow* v. *Vallejo, supra,* p. 727.)

There was some evidence tending to show that the general right of way given to plaintiff in 1887 by the owners of the subdivision was the right under which they claimed authority to make the new ditch in 1892. The court below, however, did not give the testimony this construction, and even if we concede that it is susceptible thereof, it must also be conceded that it is ambiguous in this respect, and is capable of the construction that it carried only the right to appropriate the small ditch, and that it did not confer any right to make the ditch in controversy. In this condition of the evidence we cannot disturb the findings of the court below.

The user of the new ditch from 1892 until 1903, without objection from the public authorities, created no prescriptive right in favor of the plaintiff to continue to maintain the same as a ditch along the highway. (*Hoadley* v. *San Francisco,* 50

Cal. 275; *People* v. *Gold Run,* 66 Cal. 147, [56 Am. Rep. 80, 4 Pac. 1152] ; *Yolo County* v. *Barney,* 79 Cal. 378, [12 Am. St. Rep. 152, 21 Pac. 833] ; *Ex parte Taylor,* 87 Cal. 95, [25 Pac. 258] ; *Board* v. *Martin,* 92 Cal. 218, [28 Pac. 799] ; *Ames* v. *San Diego,* 101 Cal. 394, [35 Pac. 1005] ; *Bowen* v. *Wendt,* 103 Cal. 236, [37 Pac. 149] ; *Cloverdale* v. *Smith,* 128 Cal. 235, [60 Pac. 851].)

The court did not err in refusing leave to amend the complaint by averring the facts concerning the old ditch as above set forth. As above stated, the right to maintain the new ditch could not be predicated upon the previously acquired right to use the old ditch. The proposed amendment, therefore, showed no additional right in plaintiff.

The judgment and order are affirmed.

Sloss, J., and Angellotti, J., concurred.

Hearing in Bank denied.