[L. A. No. 1799.    Department One.—June 20, 1907.]

## COLEGROVE WATER COMPANY, Respondent, v. CITY OF HOLLYWOOD et al., Appellants, and CORNELIUS COLE, Defendant.

PUBLIC HIGHWAY—EASEMENT—USE BY OWNER OF FEE—CITY STREET.—One who grants to the public the right to use a strip of land as a highway, retaining in himself the ownership of the soil, parts with an easement merely, and may use the property over which the right of way exists in any manner and for any purpose not inconsistent with the full and free enjoyment of the easement. This rule applies to land devoted to use as a public road or street as well as to land subject to private use only. In the case of a public road or street this right of the owner may grow less and less as the public needs increase, but at all times he retains all that is not needed for public uses, subject, however, to municipal or police regulations.

ID.—EXCAVATION OF SURFACE OF STREET—WATER-PIPE CROSSING STREET.—Inasmuch as the right to use the soil below the surface of the street can rarely be practically enjoyed without first disturbing the surface temporarily in making the necessary excavations, the owner of the fee has the right to make such excavations as will enable him to install the materials or do the work requisite for an enjoyment of his rights in the land. The occupation of the soil by a water-pipe to convey water across the street of a city for purposes of irrigation, so long as no public use is impeded, is a legitimate use by the owner and carries with it the right to excavate the soil, subject to such restrictions by the municipality as will insure the least interruption to the public easement. Nothing contrary to this rule is to be found in the statutes or decisions of this state.

ID.—REGULATION OF USE BY OWNER OF FEE.—While the municipality may determine the extent and manner of the public use to be made of the streets, and may regulate the use by owners of the soil, it cannot arbitrarily take away the property rights of such owners.

ID.—ORDINANCE FORBIDDING USE OF STREETS — FRANCHISE — RESERVED RIGHT OF OWNER OF FEE.—An ordinance of the municipality forbidding the laying of any pipe in a public street "without having first obtained from the board of trustees of said city the franchise or privilege of using such public street for that purpose," does not purport to be a regulation of the manner of doing work. In so far as it assumes to require a franchise or privilege as a condition precedent to the occupation at all, it has no application to the reserved right of the owner of the soil who is seeking to use the street in a manner not in conflict with the public use.

ID.—PRESUMPTION OF OWNERSHIP TO CENTER OF STREET.—An owner of land bounded by a public street is presumed to own the fee to the center of the way.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Robert Young, for Appellants.

Wellington Clark, and W. Cole, for Respondent.

Cornelius Cole, *in pro. per.*

SLOSS, J.—This action, brought to obtain an injunction restraining the defendants, the city of Hollywood and its superintendent of streets, from interfering with plaintiff in its efforts to lay pipes across two streets of said city, resulted in a judgment granting to plaintiff the relief sought.

A motion for a new trial, made by the defendants enjoined, was denied. Said defendants appeal from the judgment and from the order denying their motion for a new trial.

The general nature of the case is shown by the following facts found by the court: The plaintiff is a corporation organized under the laws of the state of California for the purpose of supplying water for domestic and other purposes. The defendant the city of Hollywood is a municipal corporation of the sixth class, having been organized as such in November, 1903. Prior to 1898, and up to the fifth day of December, 1904, Cornelia Cole McLaughlin was the owner of certain land. On said fifth day of December she sold it to plaintiff, which has since said date been the owner thereof. Said land is bounded on the west by a street known as Gower Street, covering a strip fifty feet wide, which had been, in 1877, conveyed to the county of Los Angeles, by the then owners of the land, for a road. To the west of Gower Street is a piece of land owned by the 'defendant Cornelius Cole. South of the last-mentioned tract is other land owned by said Cornelius Cole, the two pieces last named being separated by a strip of land dedicated by said Cole, the owner thereof, as a highway, and known as Wilson Avenue. All of said lands and streets are now within

the limits of the city of Hollywood. The fee of said Gower Street belongs, as to the east half thereof, to plaintiff, and as to the west half, to the defendant Cole.

All of the land above described, except that embraced in the streets, is planted to lemon trees and requires irrigation. In the year 1898 said Cornelia Cole McLaughlin sunk a well upon the premises owned by her and established a pumping plant capable of pumping five thousand gallons of water an hour. The water from said well has been conducted by means of conduits, pipes, and ditches to the orchards above described, and to an additional lemon orchard situated south of the land of Cornelius Cole, and outside of the limits of the city of Hollywood. In order to conduct the water to the lands requiring irrigation a wooden box or culvert was, in the year 1898, placed beneath the surface of Gower Street, so as not to obstruct travel thereon, and said box or culvert was maintained therein and used until about two years before the trial, when it was replaced by an iron pipe, which has since said time been retained therein. In the year 1898, a wooden structure, having a top and sides, was placed across Wilson Avenue in order to conduct the water across said avenue to the lands of Cornelius Cole south of said Wilson Avenue, and to the other lands irrigated from the well. Where said ditches and conduits were located upon the lands of Cornelius Cole, they were so located and maintained thereon with his knowledge and consent. The plaintiff is the successor to all the interest of Cornelia Cole McLaughlin in said ditches, boxes, pipes, etc., and to the consent of Cole to their location and use upon his land. Paragraph XXI of the findings declares that prior to the commencement of this action the plaintiff, "for the improvement and betterment of its water plant," undertook to lay "iron pipe to take the place of all said ditches, box or culvert, wooden structure and iron pipe," and while engaged in excavating Gower Street and Wilson Avenue, for the purpose of laying said iron pipes in said streets, was stopped and prevented from so doing by the city of Hollywood, and the defendant Fry, its superintendent of streets. The plaintiff had, prior to such interference, given the defendants notice of its intention to do the work, and had given the city a bond conditioned for the payment of all damages occasioned by doing such work.

From these facts the court drew the conclusion of law that the plaintiff was entitled to a decree enjoining the defendant city, and its superintendent of streets, from in any manner interfering with the plaintiff in excavating Gower Street and Wilson Avenue for the purpose of laying pipe to conduct water from said well, subject to a provision against unnecessary injury to the street and avenue and obstruction of travel thereon. A decree in accordance with such conclusion of law followed.

The plaintiff does not claim any right to lay pipes in the streets under the provisions of section 19 of article XI of the constitution of this state. That section grants the right to lay pipes in the streets of any city for the purpose of supplying such city and its inhabitants with fresh water. By its terms, it applies only to cities in which there are no public works owned and controlled by the municipality for supplying the same with water. It is not alleged in the complaint, nor is it found, that there are no such public works in the city of Hollywood, nor is there any allegation or finding that the plaintiff desired to lay the pipes in question for the purpose of supplying the inhabitants of the city of Hollywood with water.

Nor can the plaintiff base a right to lay the pipe upon its prior use of the streets for the purpose of conducting water across them. The defendants are not seeking to interfere with any use which the plaintiff had enjoyed prior to the incorporation of the city, or prior to the interference complained of. Finding XXI, from which we have quoted, indicates that what the plaintiff was proposing to do was to install a means of conveying water across the streets beyond and in addition to that which had theretofore existed. If the finding is to be construed to mean merely that the plaintiff was replacing the conduits already existing with others of substantially the same kind and in the same locations, the finding is not sustained by the evidence, which establishes without contradiction that in Gower Street the plaintiff was seeking to substitute for a five-inch pipe a six-inch pipe running over a different course, and that in Wilson Avenue it was seeking to substitute for ditches, or wooden conduits, running across the street, iron pipe crossing the street at a considerable distance from the earlier crossing. We need not here consider

whether a right to use a public highway for private purposes can be acquired as against a municipality by adverse possession or by estoppel. Such right, if it can so originate, must be limited to a continuance of the use in the manner in which it had been enjoyed, and to no greater extent. "The extent of a servitude is determined by the terms of the grant, or the nature of the enjoyment by which it was acquired." (Civil Code, sec. 806.) Where the right, not definitely limited by grant, has become fixed by the manner of its use, it cannot be enlarged without the consent of the parties who may be affected. (*Winslow* v. *Vallejo*, 148 Cal. 725, [84 Pac. 191]; *Vestal* v. *Young*, 147 Cal. 715, [82 Pac. 381]; *Kern Island Irr. Co.* v. *City of Bakersfield, ante,* p. 403, [90 Pac. 1052].) The laying of pipe on a new line, or the substitution of pipe for a ditch or wooden conduit, or for pipe of a smaller size, was therefore not authorized by the mere fact that water had already been conducted across the highway in another manner.

But, apart from any prior use, certain rights were vested in plaintiff by reason of the fact that it owned the fee, or was the licensee of those who owned the fee, of the portions of Gower Street and Wilson Avenue through which it was proposed to lay the pipe. One who grants to the public the right to use a strip of land as a highway, retaining in himself the ownership of the soil, parts with an easement merely. The owner of property subject to an easement may use his property in any manner and for any purpose not inconsistent with the full and free enjoyment of the easement. (*Hoyt* v. *Hart,* 149 Cal. 722, [87 Pac. 569].) This rule applies to land devoted to use as a public road or street as well as to land subject to a private use only. The right of the abutting owner is, of course, always subordinate to the rights of the public. In city streets the easement of the public is, as a result of the conditions of urban life, more extensive than in roads through sparsely inhabited regions. In cities, it is customary to devote not only the surface of the street and the space above the street to public use, but the municipality may, and frequently does, occupy the soil beneath the surface for the accommodation of sewers, gas and water pipes, electric wires, and conduits for railroads. Where the city undertakes to occupy the space above or below the surface of the

street for any purpose within the scope of the public uses to which highways may be put, the use by the owner of the fee must yield to the public use. Furthermore, the use by the owner of the fee is subject to reasonable regulation in the interest of the comfort and convenience of the community as a whole. "But the owner of the land over which a highway is laid retains his right in the soil for all purposes which are consistent with the full enjoyment of the easement acquired by the public. This right of the owner may grow less and less as the public needs increase; but at all times he retains all that is not needed for public uses, subject, however, to municipal or police regulations." (*Allen* v. *City of Boston,* 159 Mass. 324, [34 N. E. 519, 38 Am. St. Rep. 423]. See, also, 3 Kent's Commentaries, p. 433; 2 Dillon on Municipal Corporations, s. s. pp. 656, 699, 700; *Tucker* v. *Tower,* 9 Pick. 109, [19 Am. Dec. 350]; *McCarthy* v. *City of Syracuse,* 46 N. Y. 194; *Hanbury* v. *Woodward Lumber Co.,* 98 Ga. 54, [26 S. E. 477]; *Farnsworth* v. *City of Rockland,* 83 Me. 508, [22 Atl. 394]; *Weller* v. *McCormick,* 52 N. J. L. 470, [19 Atl. 1101]; *Borough of Brigantine* v. *Holland Trust Co.,* (N. J.) 37 Atl. 438; *Ivins* v. *Inhabitants of Trenton,* 68 N. J. L. 501, [53 Atl. 202]; *Dell Rapids M. Co.* v. *City of Dell Rapids,* 11 S. Dak. 116, [74 Am. St. Rep. 783, 75 N. W. 898].) And inasmuch as the right to use the soil below the surface is one that can rarely be practically enjoyed without first disturbing the surface temporarily in making the necessary excavations, it must be held that the owner of the soil has the right to make such excavations as will enable him to install the materials or do the work requisite for an enjoyment of his rights in his land. The occupation of the soil by a water-pipe, so long as no public use is impeded, is a legitimate use by the owner, and carries with it the right to excavate the soil, subject to such restrictions by the municipality as will insure the least interruption to the public easement. Nothing contrary to these views is to be found in the statutes or decisions cited by appellants. The Municipal Corporation Act gives to boards of trustees of cities of the sixth class "the management and control of . . . highways." (Stats. 1903, p. 93.) Undoubtedly the municipality may determine the extent and manner of the public use to be made of the streets, and may regulate the use by owners of the soil. But it cannot arbi-

trarily take away the property rights of such owners. In
*Montgomery* v. *Railway Co.,* 104 Cal. 186, [43 Am. St. Rep.
89, 37 Pac. 786], and *San Francisco* v. *Grote,* 120 Cal. 61,
[65 Am. St. Rep. 155, 52 Pac. 127], relied on by appellants,
the court declared principles which have no application what-
ever to the facts here presented.

It follows that the plaintiff was acting within its rights in
attempting to lay its pipes across the streets after giving
notice of its intention so to do, and offering to secure the city
against any damage. It is claimed that there was a failure
to comply with the provisions of an ordinance, pleaded in the
answer, which forbade the laying of any pipe in a public
street "without having first obtained from the board of trus-
tees of said city the franchise or privilege of *using* such
public street . . . for that purpose." The failure to find
on the issue so raised is assigned as error. This ordinance
does not purport to be a regulation of the manner of doing
work. It assumes to require a franchise or privilege as a
condition precedent to the occupation of the soil at all. The
power to grant a "franchise or privilege" implies the power
to withhold it (*State* v. *City of Spokane,* 24 Wash. 53, [63
Pac. 1116]), and an ordinance which empowers city trustees
to refuse to grant, on any terms, the right to occupy the soil
covered by a street in a manner not in conflict with the public
use can have no application to the owner of the soil. Such
owner is not seeking a privilege, to be granted or withheld
by the city. He is merely exercising one of the incidents
of the ownership which, in dedicating the highway, he has
retained in himself.

It is urged that the complaint fails to allege that the plain-
tiff owns the fee of the east half of Gower Street, and that,
consequently, the finding of such ownership must be disre-
garded. But the appellants, in their answer, allege that the
predecessor of plaintiff was the owner of the land in which
the well was sunk, and make further averments from which
it may be inferred that this land was bounded by Gower
Street. This raises a presumption that the adjoining pro-
prietor owned to the center of the way. (Civ. Code, sec. 831.)
The evidence in support of plaintiff's title to the east half
of Gower Street was introduced without objection. Under
these circumstances, we think the appellants cannot now make

the point that the finding is not responsive to any issue made by the pleadings. (*Barbour* v. *Flick*, 126 Cal. 632, [59 Pac. 122] ; *Flinn* v. *Ferry*, 127 Cal. 648, [60 Pac. 434] ; *McDougald* v. *Hulet*, 132 Cal. 154, [64 Pac. 278] ; *Carroll* v. *Briggs*, 138 Cal. 452, [71 Pac. 501].)

The findings which are necessary to the support of the judgment are fully sustained by the evidence. The judgment itself is sufficiently clear and definite.

The judgment and order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.