JOSEPH F. KESSELER *vs.* FREDERICK C. BOWDITCH.

Suffolk.   January 14, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Easement,* Extent of.   *Light and Air.*

A deed of a lot of land, which when conveyed was twenty feet wide on a city street and twenty-nine feet deep, granted "the privilege of putting two or three windows on the north side of each dwelling house which may be built on said premises." A dwelling house was built on the lot having three windows in the rear north wall overlooking land that belonged to the grantor when the deed was made. This dwelling house, the windows in its rear north wall and the open land adjoining all remained in the same condition for more than eighty years. None of the three windows was in the first story of the building, all being in the upper stories. The owner of the adjoining open land proposed to construct upon it a building only one story in height, which would not interfere with the light and air coming to the existing windows. The owner of the dwelling house brought a suit in equity to enjoin the construction of such building. *Held,* that the words "each dwelling house which may be built on said premises" did not limit the easement of light and air to the dwelling house first built, and that such easement would be likewise appurtenant to any dwelling house built on the land thereafter: but that, as to the existing dwelling house, the rights of the parties had become fixed by the placing of the three windows in the north wall above the first story and the acquiescence in their presence there for so long a period of time, and the bill seeking to restrain the erection of a one story building under the present conditions was dismissed; it being *said,* that it was not necessary to determine at this time, whether, in case of the removal or destruction of the present building and the erection of a new dwelling house on the land, windows placed in the north wall must be in the same positions as the present ones or whether they might be placed elsewhere.

Bill in equity, filed in the Superior Court on December 8, 1915, by the owner of certain land with a dwelling house thereon at the northwest corner of Pleasant Street and Piedmont Street in Boston, alleging that adjacent to the rear of the plaintiff's premises and on the defendant's land there was a certain open courtyard or passageway leading from the defendant's premises to Pleasant Street known as Newman Court which had been in existence as a court kept open for light and air and as a passageway for over sixty years; that the plaintiff had a right or easement to light and air over the court or passageway; that the defendant had made plans and was about to build upon the passageway greatly to the damage of the plaintiff and to his rights therein; and that the plaintiff had no adequate remedy at law; praying that the defendant might be enjoined from building on or over such passageway and that the plaintiff's right in such passageway might be established.

The answer alleged that "If the plaintiff or any other person has any right or easement to light and air over any part of his (the defendant's) premises, such right or easement is limited to the right to maintain a specific number of windows, and that this right has long since been defined and limited by the placing of certain windows in full exercise of the right, which windows are above the roof of any building which the defendant contemplates erecting as above mentioned and will not be interfered with thereby."

In the Superior Court the case was submitted upon an agreed statement of facts, including the facts stated in the opinion, to *Morton*, J., who made the following decree:

"This case came on to be heard at this term upon an agreed statement of facts and certain photographs and was argued by counsel and it appearing to the court that this plaintiff now has a dwelling house upon the premises in question which is used as a dwelling house and that this plaintiff has the privilege under the deed from Neunan to Pratt, a copy of which is annexed to the agreed statements of facts, of putting two or three windows in any part of the north side of said dwelling house that he may desire or of any other dwelling house which may be built on said premises provided the same be blinded with reversed blinds; and it appearing that the defendant's proposed building will be an infringement of said right and that the plaintiff is entitled to have

a reasonable space left vacant in the rear of his property for the purpose of light and air for any window that may be placed in the first story of his premises or any other portion thereof; it is therefore ordered, adjudged and decreed that the defendant, his agents, attorneys, heirs and assignees and all persons claiming by or under him be and hereby are enjoined from building upon or over said place known as Newman Place in the rear of the plaintiff's said lot, so long as the plaintiff shall maintain a dwelling house thereon, the defendant to have leave to apply to modify the terms of this injunction in case of a change in the circumstances of the parties before final decision by the Supreme Judicial Court."

The defendant appealed.

*R. Homans*, for the defendant.

*A. W. Blakemore*, for the plaintiff.

CROSBY, J. The plaintiff is the owner of a parcel of land at the corner of Pleasant and Piedmont streets in Boston. The rear of the lot abuts upon a passageway called Newman Place. The land in the rear of the plaintiff's lot, including the passageway, is owned by the defendant. The plaintiff derives title to his land under a deed from James Neunan to Joseph Pratt and Andrew McKenney, dated October 8, 1825. This deed, like other deeds given by Neunan to other persons about the same time, contains the following provision: "Also the privilege of putting two or three windows in the north side of each dwelling house which may be built on said premises, provided the same be blinded with reversed blinds." This clause created an easement of light and air. The present building on the lot conveyed by Neunan to Pratt and McKenney is a brick dwelling house and was built before the year 1835. There are three windows in the rear north wall overlooking the premises of the defendant. None of these windows is in the first story of the building, but all are in the upper stories.

The taking by the city of a portion of the original lot for the purpose of widening Piedmont Street did not affect the building thereon or extinguish the easement. *Canny* v. *Andrews*, 123 Mass. 155. The provision that the windows "be blinded with reversed blinds" undoubtedly was for the purpose of preventing the blinds to be placed upon the windows from extending over or encroaching upon the passageway. An inspection of the photo-

graph in evidence shows that this condition has been complied with, and the presiding judge was justified in so finding.

It is stated in the agreed facts that "The defendant proposes to build a one story building in the rear and to the north of the premises conveyed by Neunan to Pratt over a part of Newman Place. The defendant does not intend to build in any way so as to block the windows now existing in the rear of the premises, now belonging to the plaintiff and forming a part of the premises conveyed by Neunan to Pratt."

The first question is, What is meant by the words "each dwelling house which may be built on said premises?" We are of opinion that as to the plaintiff's lot, which originally was about twenty feet wide and about twenty-nine feet deep, these words, properly construed, mean each successive dwelling house that shall be so built, and that the language used is not to be construed to refer to the total number of dwelling houses which may be built upon the lot. It follows that the easement is not limited to the dwelling house first built, but applies as well to other dwelling houses in point of time afterwards erected. The language of the deed considered in *American Unitarian Association* v. *Minot*, 185 Mass. 589, cited by the defendant, is plainly distinguishable from that under consideration in the case at bar.

The question remains whether the rights of the parties have become fixed by the placing of the three windows in the north wall of the building above the first story. The present dwelling house, as above stated, was built before the year 1835, and, so far as appears, the windows in the north wall have been maintained in the same place ever since the building was erected, a period of more than eighty years.

It is well settled that when an easement is created by deed, but its precise limits and location are not defined, the location and use of the easement by the owner of the dominant estate for many years, acquiesced in by the owner of the servient estate, will be deemed to be that which was intended to be conveyed by the deed. *Jennison* v. *Walker*, 11 Gray, 423, 426. *Bannon* v. *Angier*, 2 Allen, 128. *Dyer* v. *Sanford*, 9 Met. 395, 402.

As was said by this court in *Cotting* v. *Murray*, 209 Mass. 133, at page 139, "We think that the case comes within the principle that where an indefinite way has been granted and is either· at the

time or afterwards by the common consent of the grantor and grantee practically located and determined, and as thus located is used and acquiesced in by all parties interested for a long term of years, it will be regarded as the way intended to be granted by the deed."

It is true that the easement of light and air created by the deed under which the plaintiff claims is of a different character than an easement of a right of way, but we see no reason why the same principle should not apply. As the deed given by Neunan did not specify in what places in the north wall the windows might be located, the grantees and those claiming under them could at the outset place such windows wherever they saw fit, acting reasonably. No windows have ever been maintained in the first story so far as appears, but have for more than eighty years been located in the upper stories. The fact that the owners of the servient estate have allowed the windows to remain as originally located, thereby permitting rays of light to extend over the passageway into the windows as so located during this long period of time apparently without objection, is persuasive evidence of acquiescence by the owners of the servient estate in the manner in which the owner's rights under the easement have been exercised. We think, under these circumstances, that the rights of the parties have become settled and established so far as the present dwelling house is concerned, and that the owner cannot change the location of any of the windows, his right to light and air being limited to the windows as they now exist. *City National Bank of Salem* v. *Van Meter*, 14 Dick. 32. *Johnson* v. *Hahne*, 16 Dick. 438. *Scott* v. *Pape*, 31 Ch. D. 554. *Bullers* v. *Dickinson*, 29 Ch. D. 155. *Tapling* v. *Jones*, 11 H. L. Cas. 290, 307.

The plaintiff contends that, as the easement was created by express grant, it cannot be lost by abandonment, and therefore that he has not lost the right to open a window in the wall in the lower story, and that he may close one of the present windows and open another in the first story. The doctrine that an easement created by deed is not extinguished by mere non-user is well established. *Parsons* v. *New York, New Haven, & Hartford Railroad*, 216 Mass. 269, 272. *Willets* v. *Langhaar*, 212 Mass. 573, 575. The question of abandonment does not arise in the case at bar.

Undoubtedly the plaintiff is entitled to the benefit of the ease-

ment as appurtenant to his estate. The right which originally existed to place a window upon the lower story has not, strictly speaking, been abandoned, but the plaintiff or his predecessors in title have fixed the location of the easement elsewhere, and it cannot now be changed.

It is not necessary at this time to determine the question whether, in case of the removal or destruction of the present building and the erection of a new dwelling house, windows placed in the north wall must be in the same location as in the present building or may be put elsewhere.

*Decree reversed; bill dismissed with costs.*