[Civ. No. 6833. Third Dist. Mar. 8, 1943.]

BENJAMIN A. SNODGRASS et al., Respondents, v. CLAR-ENCE CRANE et al., Defendants; JOHN CAIRES, Appellant.

Mahan & Mahan and Carl L. Christensen, Jr., for Appellant.

Hill & Hill for Respondents.

PEEK, J.—From a judgment quieting plaintiffs' title to certain real property the defendant John Caires appeals. The plaintiffs' complaint is in the usual form of a suit to quiet title alleging that plaintiffs are the owners and in possession of certain ranch lands described therein. Defendant Caires answered denying the ownership of and possession by plaintiffs, particularly in regard to certain springs and the right to use water therefrom. The defendant Crane failed to answer the complaint, and his default was duly entered.

The record discloses that both of the defendants, Caires and Crane, received their respective deeds from a common grantor, one Sarah Anne Heckman Hansen. The question of

priority as between these two deeds is of importance to a proper determination of this appeal, and although the record is vague as regards the date of the Crane deed we are constrained to resolve that point in accordance with the implied finding of the trial court, that as between the two, the Caires deed, dated February 28, 1932, and recorded March 3, 1932, in the office of the County Recorder of Humboldt County, was first in point of time.

The Caires deed conveyed a small parcel of land immediately adjacent to the Crane property but some distance removed from the Snodgrass property, together with the "right to take and use water for household purposes, in common with all other persons who now have or may hereafter acquire the right to take or use water from water springs upon the lands of the grantor, and the right to enter upon said lands and lay water pipes for conducting water to the land herein described."

It should be noted first, that the easement created by the grant was general and not specific, in that no particular spring was specified, nor did the grant in any way define the right so conveyed. The only specific reservation of described springs is found in the deed from the successors in interest of plaintiffs' grantor dated July 2, 1934. The record also discloses that appellant has taken water continually since 1932, the date of his deed, from a spring located on the premises now owned by defendant Crane. The water from this spring was apparently ample for appellant's "household use," for at no time did appellant go on plaintiffs' land for the purpose of obtaining water nor has the appellant so contended. Nowhere in the record do we find that there was a deficiency of water from said spring or that appellant needed more water than said spring supplied.

The sole question for determination then is: Did the easement created in the Caires deed become fixed by use?

It is contended by plaintiffs that even if that question were resolved in the negative yet their complete occupancy of the land to the exclusion of all others, including fencing the property, use of the springs and payment of all taxes, and the complete failure of appellant to assert his right, if any, to the springs, then, nevertheless, such uncontradicted facts result in perfecting their claim in adverse possession. How-

ever, our disposition in regard to the first question stated makes unnecessary any determination of such contention by plaintiffs.

Section 806 of the Civil Code provides that "the extent of a servitude is determined by the terms of the grant."

We are entirely in accord with the rule enunciated in the case of *Winslow* v. *City of Vallejo,* 148 Cal. 723 [84 P. 191, 113 Am.St.Rep. 349, 7 Ann.Cas. 851, 5 L.R.A. N.S. 851], wherein we find a somewhat similar situation to what confronts us in the instant case. There, pursuant to a grant to lay "pipes" the city installed and used a "pipe" for a number of years. The reviewing court held that it could not now lay a larger pipe over a different route, and that the grant was indefinite as to number, size and location of the "pipes," and the "city having elected to lay one was bound by this election." The court, further amplifying its statement, said: ". . . where a grant of an easement is general as to the extent of the burden to be imposed on the servient tenement, an exercise of the right, with the acquiescence and consent of both parties, in a particular course or manner, fixes the right and limits it to the particular course or manner in which it has been enjoyed."

In a case closely parallel to the present controversy, *Kesseler* v. *Bowditch,* 223 Mass. 265 [111 N.E. 887], the court therein said:

"It is well settled that when an easement is created by deed, but its precise limits and location are not defined, the location and use of the easement by the owner of the dominant estate for many years, acquiesced in by the owner of the servient estate, will be deemed to be that which was intended to be conveyed by the deed. *Jennison* v. *Walker,* 11 Gray, 423, 426; *Bannon* v. *Angier,* 2 Allen, 128; *Dyer* v. *Sanford,* 9 Metc. 395, 402, 43 Am.Dec. 399."

The appellant exercised the right granted him by deed by electing to take from a particular spring, which spring was at that time located on premises of his grantor. Therefore his right, although not limited by the grant, became fixed by the manner of its use, and he cannot enlarge it now without the consent of all of the parties who may be affected. This qualification he has not met, and therefore he is bound by his original election. *Colegrove Water Co.* v. *City of Hollywood,* 151 Cal. 425, 429 [90 P. 1053, 13 L.R.A. N.S. 904];

*Kern Island Irr. Co.,* v. *City of Bakersfield,* 151 Cal. 403 [90 P. 1052] ; *Vestal* v. *Young,* 147 Cal. 715, 718 [82 P. 381].

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.