

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 29, 1949.

Hon. Hulon C. Hall          Opinion No. V-819.
County Attorney
Grimes County              Re: Authority of the Commissioners'
Anderson, Texas                 Court to require removal of a
                                private water line crossing
                                public streets in an unincor-
                                porated town.

Dear Mr. Hall:

　　　　　In your request for an opinion you state that
the Commissioners' Court of Grimes County issued a fran-
chise to the Gulf Coast Water Company in 1930 granting
them the privilege of laying pipe and selling water to
the public in some four or five unincorporated towns in-
cluding the town of Iola. Some few weeks ago, a resi-
dent of the town of Iola drilled a private well on his
residence for his private use and benefit. This indivi-
dual desiring to pipe water to his barn some four blocks
away layed his pipe across two streets and one alley in
the unincorporated town of Iola. The streets of Iola
are maintained entirely by the Commissioners' Court of
Grimes County. This resident made application for per-
mission to lay said pipe across such streets. It was
denied by the Commissioners' Court.

　　　　　You ask the following question:

　　　　　"Does the Commissioners' Court of Grimes
　　County, Texas, have the authority to issue an
　　order to this resident in Iola, Texas, requir-
　　ing him to remove his pipes from the public
　　streets?"

　　　　　We know of no rule of law which would prevent
the County or State from owning a fee simple interest in
the streets of Iola, Texas, inasmuch as the same is un-
incorporated, but for the purpose of this opinion we are
assuming that the public only has an easement in the
streets under consideration. Therefore, nothing is to
be construed in this opinion as indicating permission
for the laying of pipes underneath the streets in ques-
tion should the County or State have an interest in the

right-of-way other than an easement. We further assume that the pipes will not constitute an obstruction to the street.

In an opinion numbered V-730 by the Attorney General, dated December 10, 1948, it was stated that a Commissioners' Court did have the authority to assume control over streets and alleys in an unincorporated town.

The primary design in laying out and constructing streets is for the purpose of travel and passage for the public. Rights as to ingress and egress, nearly resembling private rights, are given abutting owners. Having exclusive control over the streets, the Legislature, or those to whom it has delegated powers over streets, have the right and authority to impose reasonable terms and conditions upon the right to use them. Subject to rights of abutting owners, streets may be closed to all business traffic, the speed of vehicles regulated, obstructions may be prevented or removed, licenses to use the streets may be required, travellers may be required to obey the directions of police, vehicles having heavy loads may not be permitted on certain streets, or be required to have wide tires, the weight of loads may be limited, and hacks may be compelled to remain at certain stands. These are only part of the many regulations that have been held valid. 3 Dillon on Municipal Corporations (5th ed. 1911) 1849, Sec. 1163-1167.

In the case of S. H. Kress & Co. v. City of Miami, 82 So. 775, 7 A.L.R. 640, (Fla. Sup. 1919), the Court stated as follows:

". . . the right of the owner of the fee in a street to use the subsurface is the same as is other property, so long as he does not interfere with the rights of the municipality below the subsurface, or sewers, or pipes, or water, or other public purposes, it follows that the owner has the right subject to reasonable municipal regulation to make openings in the sidewalks to gain access to the area beneath. . . ."

2 Elliott on Roads and Streets (4th ed.) 1142, reads as follows:

Hon. Hulon C. Hall, Page 3 (V-819)

> "Subject only to the public easement --
> the proprietor has all the usual rights and
> remedies of the owner of a freehold. He may
> sink a drain below the subsurface of a road
> if proper care be taken to cover it so that
> it shall remain safe and convenient. He may
> carry water in pipes under the way and he
> may mine it."

In the case of Colegrove Water Co. v. Hollywood, 151 Cal. 425, 90 Pac. 1053, 13 L.R.A.(N.S.) 904 (1907), the Court stated:

> "The abutting owner of the fee of a city
> street has the right to lay a water pipe for
> his own use beneath the subsurface so far as
> he can do so without impeding the public use,
> and, for that purpose, may excavate the soil,
> subject to such restrictions by the municipal-
> ity as will insure the least interruption to
> the public easement."

In the case of Clutter v. Davis, 62 S.W. 1107 (Tex. Civ. App. 1901, error refused), the Court stated as follows:

> "When the sovereign imposes a public
> right-of-way upon the land of an individual,
> the title of the former owner is not extin-
> guished, but is so qualified that it can on-
> ly be enjoined subject to that easement.
> The former proprietor still retains exclusive
> right in all mines, quarries, springs of wa-
> ter, timber and earth for every purpose not
> incompatible with the public right-of-way."

In view of the foregoing it is our opinion that your question should be answered in the negative.

This opinion is not to be construed as passing upon the rights of individual owners if such water pipes should be across some intervening owner's land.

## SUMMARY

The owner of the fee in a street has the right to use the subsurface so long as he does not interfere with the rights of the munici-pality.

Assuming the County only has an easement and there is no public obstruction, the Commissioners' Court would not have the authority to require an abutting owner to remove pipes underneath streets in an unincorporated town.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Burnell Waldrep*
Burnell Waldrep
Assistant

BW:bh

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL