## Appellate Department, Superior Court, San Bernardino

[Civ. A. No. 26. Nov. 10, 1955.]

ALBERT P. GOUBERT et al., Appellants, v. POMONA VALLEY WATER COMPANY (a Corporation) et al., Respondents.

Charles D. Warner for Appellants.

Harold E. Prudhon for Respondents.

MITCHELL, J.—Appellants, as owners of a parcel of land, i. e., Lot 46, in the Rancho Santa Ana del Chino, complain of an alleged trespass thereon by the defendants. Compensation for the use of the land occupied by the respondents is sought.

In 1912 the Chino Land and Water Company conveyed to the L. M. Jacobs Company several parcels of land including the one involved here, retaining the right to develop water on 1 acre in Lot 46 by artesian or surface wells, and the right to convey such water from said lot.

In 1922 the Chino Land and Water Company conveyed this "right" to Pellissier, together with the well which had been developed on Lot 46.

Appellants acquired Lot 46 and respondents acquired the well.

In 1953 respondents, over the objection of appellants, entered upon the appellants' land and installed thereon a new structure and installed a hydropneumatic system.

 Appellants contend that the right or rights reserved by the Chino Land and Water Company are limited in extent by the terms of the deed and by the nature of the enjoyment or use thereof. (Civ. Code, § 806.)

In this the appellants are correct. (*Wood Irr. Co.* v. *Klein*, 105 Cal.App.2d 266 [233 P.2d 48]; *Winslow* v. *City of Vallejo*, 148 Cal. 723 [84 P. 191, 113 Am.St.Rep. 349, 7 Ann. Cas. 851, 5 L.R.A.N.S. 851]; *MacGregor* v. *Knowlden*, 102 Cal.App. 42 [282 P. 438]; *Colegrove Water Co.* v. *City of Hollywood*, 151 Cal. 425 [90 P. 1053, 13 L.R.A.N.S. 904]; *Kern Island Irr. Co.* v. *City of Bakersfield*, 151 Cal. 403 [90 P. 1052]; *Vestal* v. *Young*, 147 Cal. 715 [82 P. 381].)

 Appellants next contend that if the right is unlimited by the terms of the grant then the extent of the right is fixed by the manner of its use and may not be enlarged without the consent of the appellants. In this, too, the appellants are correct.

"Where the right, not definitely limited by grant, has become fixed by the manner of its use, it cannot be enlarged without the consent of the parties who may be affected." (*Colegrove Water Co.* v. *City of Hollywood*, 151 Cal. 425, 429 [90 P. 1053, 13 L.R.A.N.S. 904]. Cases cited: *Winslow* v.

*City of Vallejo,* 148 Cal. 723, 725 [84 P. 191, 113 Am.St.Rep. 349, 7 Ann.Cas. 851, 5 L.R.A.N.S. 851] ; *Vestal* v. *Young,* 147 Cal. 715 [82 P. 381] ; *Kern Island Irr. Co.* v. *City of Bakersfield,* 151 Cal. 403 [90 P. 1052].)

In this case the right reserved in the 1912 deed from Chino Land and Water Company to Jacobs became fixed, if not by the terms of the reservation, then by the drilling of a well and the installation of a pipeline.

This was the extent of the use of the right from 1912 to 1946.

Respondents may not, in the absence of appellants' consent, increase the extent of the servitude on appellants' land.

By building new, different and additional structures on appellants' land for purposes not mentioned in the conveyance and not heretofore exercised, respondents are attempting to enlarge their right in and on appellants' land.

The judgment is reversed.

Coughlin, P. J., and Hilliard, J., concurred.