[No. 13408.   Department Two. — June 10, 1891.]

ANDREW WALKER, RESPONDENT, v. S. B. EMER-
SON ET AL., APPELLANTS.

INJUNCTION — SETTING ASIDE RESTRAINING ORDER — REFUSAL TO GRANT
INJUNCTION. — In an action for a perpetual injunction, where the court
issues a temporary restraining order pending an order to show cause
why an injunction should not be granted to stay proceedings pending
the final determination of the suit, the setting aside of the temporary
restraining order by the court is, in effect, a refusal to grant the injunc-
tion.

ID. — WATER RIGHTS — DIVERSION — TRESPASS — INJURY TO RIGHT. —
The diversion by a mere intruder of the water of a canal, by means of a
ditch constructed across the land of the owner of the canal, may be en-
joined by the owner as an injury to his right.

ID. — EXTENT OF DAMAGE — FINDING. — The right to an injunction does
not depend upon the extent of the damage measured by the money
standard, and is not defeated by a finding that plaintiff has not been
actually damaged by the water taken.

ID. — DISTURBANCE OF POSSESSION — EASEMENT. — A threatened act of a
party which disturbs the possession of another, and which, if permitted
to continue, would ripen into an easement, is sufficient to entitle the
party disturbed to an injunction.

APPEAL from a judgment of the Superior Court of
Contra Costa County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*A. H. Griffiths,* and *A. C. Hartley,* for Appellants.

The complaint does not set up any facts of injury
done or threatened, and the court finds that neither by
the construction of the ditch upon the plaintiff's land or
in the taking of water from the plaintiff's canal has he
sustained any damages, and therefore the plaintiff had
no right to the injunction. (*Atchison* v. *Paterson,* 20
Wall. 514; *Basey* v. *Gallagher,* 20 Wall. 670; *Peregoy* v.
*McKissick,* 79 Cal. 572.)   The injunction ought not to be
granted unless equitable circumstances beyond the mere
allegation of irreparable injury be shown. (*Burnett* v.

*Whitesides,* 13 Cal. 156; *Waldron* v. *Marsh,* 5 Cal. 119; *N. C. & S. Co.* v. *Kidd,* 37 Cal. 307.)

*W. S. Tinning,* and *W. S. Wells,* for Respondent.

The continued diversion of water has always been held to constitute a ground for equitable relief, and the fact that the amount in the plaintiff's canal would not be perceptibly diminished by the quantity taken by the defendants could not change the principle. (*Tuolumne Water Co.* v. *Chapman,* 8 Cal. 392; *Lyon* v. *McLaughlin,* 32 Vt. 423; 1 High on Injunctions, sec. 795.) The fact that the court found that the plaintiff had sustained no damages by the taking of the water by the defendants does not indicate that he is not entitled to the relief sought by injunction. Neither the allegation of damages nor the proof of actual damages is necessary. (*Moore* v. *Clear Lake Water Works,* 68 Cal. 146; *Heilbron* v. *Canal Co.,* 75 Cal. 430, 431; 7 Am. St. Rep. 183; *Stanford* v. *Felt,* 71 Cal. 250.) As the defendants would eventually acquire by user an adverse right to the water, an injunction will properly lie to restrain them from the further use of the ditch. (*Webb* v. *Portland,* 3 Sum. 189; Hilliard on Injunctions, 448; *Corning* v. *Troy Factory,* 40 N. Y. 191; *Heilbron* v. *Canal Co.,* 75 Cal. 430; 7 Am. St. Rep. 183; *Silva* v. *Garcia,* 65 Cal. 591; *More* v. *Massini,* 32 Cal. 590.)

McFARLAND, J. — This action was brought to enjoin defendants from depositing dirt upon plaintiff's land, and from diverting water from plaintiff's canal on his said land, and for damages. Judgment was rendered for plaintiff, enjoining defendants as prayed for, and defendants appeal from the judgment, and from an order denying a new trial.

We think that the evidence supports the findings.

Plaintiff owns a tract of land through which there is an artificial water-way, or canal, about seven feet deep

and forty feet wide, which is wholly owned and controlled by plaintiff, and was originally constructed mainly for purposes of navigation. It receives it waters — or most of them — from a slough connected with the San Joaquin River, and is filled and emptied by the flow and ebb of the tides of the Pacific Ocean, although the water which flows into it is river water, and fresh. The appellants divert water from said canal by means of a ditch which they dug through and over plaintiff's land, and connected with the canal by a box. They seem to take the position that when the canal is filled by the influence of the tides, the amount of water in it is inexhaustible, and incapable of being diminished; that therefore the amount diverted by them can do respondent no damage, and that therefore an injunction will not lie. If there is any such principle with respect to water rights, it certainly could be applied only to a case where a party, without intruding upon the possessions of others, and without committing any direct trespass upon another's land, took water from a stream at a point where he had a right to approach it, to the alleged damage of persons claiming water rights at other points on the stream. But there is, clearly, no principle by which a mere intruder can go upon the land of another, and take water from an artificial ditch thereon. Such an act is an injury to the *right,* and if threatened to be continued should be enjoined, whatever opinion persons other than the owner may have about the extent of the damage that may result. "The right to an injunction, therefore, in such a case does not depend upon the extent of the damage measured by the money standard; the maxim *de minimus* does not apply." (*Learned* v. *Castle,* 78 Cal. 461, and cases there cited.) It is true that the court finds in one place that plaintiff was not actually damaged by the taking of the water that had occurred, which means, we suppose, that the court could not make any money estimate of such damage; but the court also finds that " if said defend-

ants are not restrained and enjoined from using said water, and conducting the same through said ditch, said use thereof by defendants will ripen into an easement on the part of the defendants, and prevent the unrestricted use of said canal by plaintiff, and cause plaintiff great and irreparable injury." The question of damages is irrelevant. The threatened act of appellants " disturbs the plaintiff's possession, and if permitted to continue, will ripen into an easement. That, of itself, is sufficient to entitle him to an injunction." (*Richards* v. *Dower*, 64 Cal. 64.) The threatened filling up of plaintiff's land with dirt, thus destroying his fruit-trees, etc., is of the same character as the digging of the ditch and the diversion of the water; and upon the same principle, such acts were properly enjoined. We see no error in the rulings of the court below.

The judgment and order appealed from are affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.