[Civ. No. 9087. Third Dist. Oct. 31, 1957.]

CITY OF DUNSMUIR et al., Respondents, v. CARLOS L. SILVA et al., Appellants.

Burton, Lee & Hennessy, Mitchell T. Hennessy and Lawrence J. Lee for Appellants.

Gerald L. Shannon, City Attorney, for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment ordering that appellants be perpetually enjoined from maintaining any building or obstruction on or impediment to traffic along a certain strip of land over which the court decreed that respondents had an easement for travel. The strip is referred to as an alley, although it is not shown upon any city map. In 1953 the respondent city, over the objections of other respondents, issued a building permit to appellants which authorized construction of a garage on appellants' premises. When completed, the garage encroached upon the claimed easement area and thereby reduced the usable part of that area to a point where, instead of being approximately 12 feet in width, it was only 9½ feet.

Appellants do not contend that the evidence is insufficient to uphold the court's findings as follows: That there is a certain unnamed street or alley running parallel to Florence Avenue and Rose Avenue within the City of Dunsmuir and lying between the said two avenues in Block D of Brandstetter's Addition to the city; that the alley, by dedication, belongs to the city; that all of the plaintiffs, save the city, own property abutting upon said alley; that for more than 20 years past there has been a common method of ingress and egress to and from said alley and Florence Avenue, lying across Lot 6, Block A and Lot 1 of Block D of Brandstetter's

Addition to the city; that the said common method of ingress and egress to and from the alley is described as beginning at the northwest corner of Lot 1, Block D of Brandstetter's Addition to the City of Dunsmuir, thence north 11° 45′ east, 12 feet along Florence Avenue, thence south 86° 17′ east 68.25 feet, thence south 11° 45′ west 12 feet, thence north 86° 17′ west 68.25 feet to the place of beginning; that defendants caused a garage to be erected which partly lies across and prohibits free passage along and over the said described parcel.

Pursuant to said findings the court declared that respondents were the owners of an easement over and across said described strip of land as a means of travel between Florence Avenue and said unnamed alley and that because of the encroachment of appellants' garage injunctive relief ought to be granted.

Appellants contend that the encroachment of appellants' garage upon the easement area is slight, that no damage is shown to have resulted therefrom, and that consequently under the rule de minimis the court ought not to have granted a mandatory injunction, which to be obeyed will necessitate removal of at least that part of the garage which encroaches upon the easement. They support this claim by reference to the court's finding that "any damage suffered by the plaintiffs herein is not ascertainable and is nominal," and that "it would be difficult for the Court to fix exact damages." The evidence disclosed an encroachment which reduced the usable width of the easement from 12 to 9½ feet. Appellants argue that, since there still remains a 9 foot 6 inch passageway which will permit automobiles to pass, the court abused its discretion in granting the remedy of injunction. These contentions cannot be sustained. ■ The findings concerning the difficulty of measuring money damages, including the finding that to the date of the judgment the money damage had been nominal, afford no reason why the appellants should be allowed to maintain their encroachment on the easement area. ■ An injunction will issue to prevent a wrongful act if the continuance of such act will, in time, ripen into an easement which will deprive a plaintiff of the use of his property or some part thereof or take from him the existence of his estate although the immediate damage is inappreciable. (*Felsenthal* v. *Warring*, 40 Cal.App. 119 [180 P. 67]; *Allen* v. *Stowell*, 145 Cal. 666 [79 P. 371, 104 Am.St.Rep. 80, 68 L.R.A. N.S. 223].) ■ In *Felsenthal* v. *Warring, supra,* the rule relied upon by appellants is stated thus:

". . . [I]t has been held that a court of equity may decline to issue a *mandatory* injunction where the defendant is engaged in a business that serves the public; or where, by innocent mistake, erections have been placed a little upon the plaintiff's land and the damage caused to defendant by their removal would be greatly disproportionate to the injury of which the plaintiff complains, and the defendant has proceeded with the erection while laboring under an innocent mistake of fact or a bona fide claim of right, and the plaintiff has been guilty of laches."

The facts in this case afford no room for the application of the rule relied upon by appellants. In this case there were constant protests by the individual respondents from the very moment when appellants began to construct their garage and it became apparent by the lines of their foundation work that they were encroaching upon the easement area that had been for so long commonly used. When appellants applied for their building permit the individual respondents protested to the city council that the appellants were intending, if they received their permit, to so build their garage as to encroach upon the easement rights of the respondents. The permit granted gave no authority to appellants to interfere with the easement rights of the respondents, and, as we have said, when it appeared that such encroachments would result from the building as contemplated the protests of the individual respondents were prompt and continuous. Notwithstanding, the appellants defiantly continued to build their garage and erected it in such manner that it did encroach upon the rights of the respondents. Under such circumstances it is obvious that the rule relied upon has no application.

Appellants next contend that the court should have "balanced the conveniences," and refused to require the removal of the obstruction to respondents' easement rights. But from the evidence it appears that the encroachment could be rectified at a cost of about $800 and, in view of the number of persons whose rights were being invaded by the continuance of the structure, it cannot be said that the court abused its discretion in ordering its removal.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.