[L. A. No. 24501. In Bank. Apr. 18, 1958.]

A. J. FAIRRINGTON et al., Appellants, v. DYKE WATER COMPANY (a Corporation) et al., Respondents.

Mize, Larsh, Mize & Hubbard and Royal E. Hubbard for Appellants.

James E. Walker for Respondents.

SHENK, J.—This is an appeal by the plaintiffs from a judgment for the defendant in a suit for a mandatory injunction and to quiet title to real property. The appeal is on the judgment roll.

In December 1952 the defendant purchased a parcel of real property from Henry and Irma Fairrington. The escrow agreement provided in part: "The Sellers also give to the Buyers permission to erect a sign on Garden Grove Boulevard between the driveway and the sidewalk next to the Post Office Building." The property described in the escrow agreement was owned and retained by the grantors until their deaths in September 1953. Thereafter, the defendant posted a sign on the property above described bearing the words "Dyke Water Company." The sign was mounted on a 6½ inch pipe embedded in a concrete foundation. The plaintiffs, heirs of Henry and Irma Fairrington, succeeded to the property upon which the sign was posted. Upon defendant's refusal to remove the sign, the plaintiffs brought this suit for a mandatory injunction to require the defendant to remove it and to quiet title to the property.

The trial court found and concluded that the defendant purchased the property from the plaintiffs' predecessors in

interest in reliance upon the permission to erect a sign on the adjoining property; that the defendant expended money in its installation also in reliance upon the permission contained in the escrow agreement, but with full knowledge that the permission was a revocable license; that the sign "is a substantial benefit to the defendant in the carrying on of its business"; that the sign "constitutes no substantial detriment to Plaintiffs at the present time and does not interfere with any present or contemplated use of their property by them"; that the so-called license contained in the escrow agreement was revoked by the deaths of the grantors, and that "relief to plaintiffs should be withheld at this time by the Court sitting in equity." The court retained jurisdiction to entertain future application by plaintiffs for injunctive relief. Judgment was entered accordingly.

The findings of fact upon which the conclusions of law and the judgment withholding relief apparently rest are those stating that the maintenance of the sign is a substantial benefit to the defendant's business and that its continued presence neither constitutes a substantial detriment to the plaintiffs at present nor interferes with any present or contemplated use of the property by them.

It will be noted that the court did not conclude that the removal of the sign would result in hardship to the defendant. It concluded only that the sign is a "substantial benefit to the defendant in the carrying on of its business." The doctrine of balancing of conveniences is often invoked as a defense in a suit for an injunction where the plaintiff, seeking to vindicate a technical and unsubstantial right would impose an unusual hardship upon the public or the defendant. Deprivation of a substantial benefit, however, falls short of the imposition of substantial hardship. This is more than a verbal distinction. When a court of equity balances conveniences to determine that an injunction, otherwise warranted, should be withheld, its action approaches an exercise of the right of eminent domain in favor of a private person. (*Christensen* v. *Tucker*, 114 Cal.App.2d 554, 560 [250 P.2d 660]; McClintock, *Discretion to Deny Injunction Against Trespass and Nuisance*, 12 Minn.L.Rev. 565, 572.) Thus, proof of irreparable injury is a necessary element of a defense based upon a balancing of conveniences. (*Wright* v. *Best*, 19 Cal.2d 368, 386-387 [121 P.2d 702].) The findings are, therefore, insufficient to support a balancing of the conveniences as a ground for the withholding of injunctive relief.

The determination that the court should not have endeavored to balance the conveniences, however, is ancillary to the issue whether an injunction should be granted at all. The conclusion that the conveniences cannot be balanced in favor of the defendant does not determine the plaintiffs' right to a mandatory injunction.

It is the plaintiffs' contention that because the license was revoked prior to the erection of the sign, the presence of the sign on plaintiffs' land constitutes a continuing trespass which might ripen into an easement to maintain the sign in perpetuity. It is settled that equity will enjoin a wrongful act which, if continuous, will give rise to an easement or servitude. (*Vestal* v. *Young*, 147 Cal. 715, 721 [82 P. 381]; *Walker* v. *Emerson*, 89 Cal. 456 [26 P. 968]; *Learned* v. *Castle*, 78 Cal. 454 [18 P. 872, 21 P. 11]; *City of Dunsmuir* v. *Silva*, 154 Cal.App.2d 825, 827 [317 P.2d 653]; *Los Angeles Brick etc. Co.* v. *Los Angeles*, 60 Cal.App.2d 478 [141 P.2d 46]; *Felsenthal* v. *Warring*, 40 Cal.App. 119 [180 P. 67]; 24 Cal.Jur. 700; 27 Cal.Jur.2d 157.) If the deaths of the grantors terminated the license, as found by the trial court, then plaintiffs' assertion that the presence of defendant's sign is a continuing trespass is unassailable. That it was so terminated is conclusively established by the record.

The defendant has shown no equitable or other defense to the suit for a mandatory injunction, nor has it advanced any reason why plaintiffs' title should not be quieted.

The judgment is reversed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.