Filed 3/16/23  Doe v. County of Los Angeles CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF LOS ANGELES,<br><br>    Defendant and Respondent. | B318070<br>(Los Angeles County Super. Ct. No. 21STCV44756)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN THE JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on February 23, 2023, be modified as follows:

1. On page 2, at the beginning of footnote 1, omit as follows:

These facts are drawn from the documents presented to the trial court, which include several filings and orders from a parallel lawsuit plaintiff filed against the County in federal court.  Because neither party objected to this evidence, it is properly before us for purposes of reviewing the order on appeal.

And replace with the following:

These facts are drawn from the documents presented to the trial court, which include plaintiff's own allegations from the operative complaint and as well several filings and orders from a parallel lawsuit plaintiff filed against the County in federal court. Because neither party objected to the previously noticed documents, they are properly before us for purposes of reviewing the order on appeal.

2. On page 3, lines 5 and 6, omit "that plaintiff had become upset with the man because he was continuing to be active on the app after their encounter" and replace with the following:

that plaintiff became "mad" at the man because he was "cheating" on her after their encounter

So that the full sentence reads:

2

As Detective Jara scrolled through the WeChat messages, she saw messages indicating that plaintiff's interactions with the man were consensual, that plaintiff had invited future dates with the man, that plaintiff became "mad" at the man because he was "cheating" on her after their encounter, and that plaintiff had warned him that she "could make him lose his job."

\* \* \*

There is no change in the judgment.

Appellant's petition for rehearing is denied.

_____

LUI, P. J.          CHAVEZ, J.          HOFFSTADT, J.

Filed 2/23/23  Doe v. County of Los Angeles CA2/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF LOS ANGELES,<br><br>    Defendant and Respondent. | B318070<br>(Los Angeles County Super.<br>Ct. No. 21STCV44756) |

        APPEAL from the order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Affirmed.

        Jane Doe, in pro. per., for Plaintiff and Appellant.

Collins + Collins, Erin R. Dunkerly and David C. Moore for Defendant and Respondent.

* * * * * *

Jane Doe (plaintiff) sued the County of Los Angeles (the County), alleging that one of the County's Sheriff's deputies had exceeded the scope of plaintiff's consent when the deputy made a mirror image of the *entire* cell phone plaintiff had given the deputy as evidence of an alleged crime. Within days of filing her complaint, plaintiff moved for a preliminary injunction. The trial court denied her motion, and she appeals. Because the trial court did not abuse its discretion, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

## I.     Facts[1]

In July 2019, plaintiff went to the Los Angeles Sheriff's Department (the Department) to report a rape.[2] On July 2, 2019, plaintiff met with Sheriff's Detective Liliana Jara (Detective Jara). During their meeting, plaintiff reported that she met a man on an app called "WeChat," that he plied her with alcohol, and that he raped her. As proof, plaintiff showed Detective Jara

---

[1]     These facts are drawn from the documents presented to the trial court, which include several filings and orders from a parallel lawsuit plaintiff filed against the County in federal court. Because neither party objected to this evidence, it is properly before us for purposes of reviewing the order on appeal. (See, e.g., *Alexander v. Codemasters Group Limited* (2002) 104 Cal.App.4th 129, 140; *Fibreboard Paper Prods. Corp. v. East Bay Union of Machinists* (1964) 227 Cal.App.2d 675, 700; Evid. Code, § 353.)

[2]     Plaintiff initially went to the El Monte Police Department, but for jurisdictional reasons, that office referred her to the Sheriff's Department.

various messages on the WeChat app on her cell phone. As Detective Jara scrolled through the WeChat messages, she saw messages indicating that plaintiff's interactions with the man were consensual, that plaintiff had invited future dates with the man, that plaintiff had become upset with the man because he was continuing to be active on the app after their encounter, and that plaintiff had warned him that she "could make him lose his job."

Plaintiff agreed to let Detective Jara take custody of her cell phone to copy it and provided her the password. Plaintiff signed a receipt form indicating that the Department now had her phone.

The scope of plaintiff's consent is in dispute. Plaintiff insists that she consented to having the Department copy only the "incriminating messages" exchanged between herself and the man she was accusing on WeChat. In contrast, and because it is undisputed that such targeted copying is not a feasible investigative option, Detective Jara maintains that plaintiff consented to having the Department make a mirror image of "any and all data" on the cell phone, and that plaintiff executed a written consent form so indicating. Plaintiff initially denied seeing any written consent form, but later acknowledged signing a form but claimed that her signature on the consent form was forged.

A few weeks later, the Department's High Tech Task Force created a mirror-image copy of all of the data on plaintiff's cell phone, saving it to a USB drive.

In October 2019, plaintiff retrieved her cell phone.

There is no evidence that, at any point after Detective Jara reviewed the messages during the July 2, 2019 meeting,

3

Detective Jara or any other Department employee viewed any of the data on or from plaintiff's cell phone, or otherwise transmitted that data to any third party.

## II.    Procedural Background

On December 8, 2021, plaintiff sued the County[3] for the "unreasonable seizure of [her] cell phone data."  Plaintiff alleged that the County's conduct (1) violated the California Constitution's protection against unreasonable searches and seizures (Cal. Const., art. I, § 13), (2) violated her right of privacy protected by the California Constitution (*id.*, art. I, § 1), and (3) amounts to a conversion entitling her to relief under a theory of claim and delivery.

On December 17, 2021, plaintiff moved for a preliminary injunction compelling the Department (1) to return the USB drive and any other copies of her cell phone data, (2) not to "read, explore, use, copy, transfer, distribute, disclose, or release any of [p]laintiff's electronic data seized from her smartphone by LASD, including, but not limited to, photographs, videos, app data, messages, emails, notes, and search histories etc.," and (3) to execute an affidavit detailing "any use of [p]laintiff's electronic data seized from her smart phone, including but not limited to when, how, who, and the purpose of the use."

After full briefing and a hearing, the trial court denied plaintiff's motion for a preliminary injunction.  The court reasoned that plaintiff had failed to show any "irreparable harm from [the Department's possession of her cell phone data] other than a general 'loss of privacy'" because plaintiff presented "no

---

[3]    Because the Department is part of the County, plaintiff properly named the County as a defendant.  (E.g., *Pierce v. San Mateo Sheriff's Dept.* (2014) 232 Cal.App.4th 995, 1020.)

4

evidence any unlawful use of [her] data has occurred or is likely to occur."

Plaintiff filed this timely appeal.

## DISCUSSION

Plaintiff argues that the trial court erred in denying her motion for a preliminary injunction.

## I. Pertinent Law

A preliminary injunction is an "extraordinary" form of relief because it is issued "prior to a full adjudication of the merits." (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715; *White v. Davis* (2003) 30 Cal.4th 528, 554 (*White*).) In deciding whether to award such relief, a trial court is to examine "two interrelated factors: (1) the likelihood that the [plaintiff, as the party moving for the preliminary injunction,] will prevail on the merits [at trial], and (2) the relative balance of harms that is likely to result from the granting or denial of the interim injunctive relief." (*White*, at p. 554; *IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69-70 (*IT Corp.*).) "These two [factors] operate on a sliding scale: '[T]he more likely it is that [the party seeking the injunction] will ultimately prevail, the less severe must be the harm that they allege will occur if the injunction does not issue.'" (*Integrated Dynamic Solutions, Inc. v. VitaVet Labs, Inc.* (2016) 6 Cal.App.5th 1178, 1183 (*Integrated Dynamic*), quoting *King v. Meese* (1987) 43 Cal.3d 1217, 1227 (*King*); accord, *Fairrington v. Dyke Water Co.* (1958) 50 Cal.2d 198, 200 [applying this principle].) Because preliminary injunctions are generally designed to "'preserve the status quo pending a determination on the merits of the action'" (*Law School Admission Council, Inc. v. State of California* (2014) 222 Cal.App.4th 1265, 1280), an injunction—such as the one

5

requested here—that changes the status quo is reserved for those "'"extreme cases where the right thereto is clearly established."'" (*City of Corona v. AMG Outdoor Advertising, Inc.* (2016) 244 Cal.App.4th 291, 299.)

A party is not entitled to have the trial court examine the potential merits and "relative balanc[ing] of harms" factors unless and until there is *some* evidence that the movant's claim has merit and *some* evidence that the movant would suffer *some* harm during the interim period while the case is being litigated. This is why a trial court need not look to the relative balance of harms if the movant fails to show "some possibility" that his claims have merit. (*Butt v. State of California* (1992) 4 Cal.4th 668, 678 (*Butt*); *Jessen v. Keystone Sav. & Loan Assn.* (1983) 142 Cal.App.3d 454, 459; *County of Los Angeles Dept. of Public Health v. Superior Court* (2021) 61 Cal.App.5th 478, 486.) And this is why a trial court need not look at the potential merits of a claim if the movant fails to show that she "will suffer" or is "threatened" with suffering "irreparable injury" "if an injunction does not issue" (*Loder v. City of Glendale* (1989) 216 Cal.App.3d 777, 786 (*Loder*); *Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1352 (*Intel Corp.*); *E.H. Renzel Co. v. Warehousemen's Union I.L.A. 38-44* (1940) 16 Cal.2d 369, 373; *City of Tiburon v. Northwestern Pac. R. Co.* (1970) 4 Cal.App.3d 160, 179; cf. *King, supra*, 43 Cal.3d at pp. 1227-1228 [where there is some evidence of harm, trial court must examine merits]); showing a "mere possibility" of irreparable injury is not enough (*Costa Mesa City Employees' Assn. v. City of Costa Mesa* (2012) 209 Cal.App.4th 298, 305 (*Costa Mesa*); *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1292). For these purposes, an injury or harm is "irreparable" (1) if the damages arising from that injury or harm are "estimable

6

only by conjecture and not by any accurate standard" (*Donahue Schriber Realty Group, Inc. v. Nu Creation Outreach* (2014) 232 Cal.App.4th 1171, 1184 (*Donahue*); *Wind v. Herbert* (1960) 186 Cal.App.2d 276, 285 (*Wind*) [damages "'extremely difficult to ascertain'"]; *DVD Copy Control Assn., Inc. v. Kaleidescape, Inc.* (2009) 176 Cal.App.4th 697, 721-722; *Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.* (2014) 225 Cal.App.4th 787, 801 (*Grail Semiconductor*); *Triple A Machine Shop, Inc. v. State of California* (1989) 213 Cal.App.3d 131, 138 ["inadequacy of legal remedies" suffices]), or (2) if, absent the preliminary injunction, the movant will face or is threatened with "continued or repeated" injury from the party to be enjoined (*Volpicelli v. Jared Sydney Torrance Memorial Hosp.* (1980) 109 Cal.App.3d 242, 250 (*Volpicelli*); *Donahue*, at p. 1184; *Wind*, at p. 285; *Grail Semiconductor*, at p. 801). The movant must come forward with *evidence*, either in the form of a verified complaint, "facts shown by affidavit," or some other evidentiary proof; unverified allegations of harm are meaningless. (Code Civ. Proc., § 527, subd. (c)(1); *Integrated Dynamic*, *supra*, 6 Cal.App.5th at p. 1185.)

We review the denial of a preliminary injunction for an abuse of discretion (*Butt*, *supra*, 4 Cal.4th at p. 678; *King*, *supra*, 43 Cal.3d at p. 1226), reviewing any subsidiary questions of law de novo (*People ex rel. Feuer v. FXS Management, Inc.* (2016) 2 Cal.App.5th 1154, 1159 (*FXS Management*); *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 408-409 (*Huong Que*)) and any subsidiary questions of fact for substantial evidence (*Huong Que*, at pp. 408-409; *Integrated Dynamic*, *supra*, 6 Cal.App.5th at p. 1183-1184). Where, as here, the movant bore the burden of proof below, we may find that the trial court's factual findings are

7

unsupported by substantial evidence only if the evidence in the record compels a finding in the movant's favor as a matter of law. (*Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.) And where, as here, a trial court relied on the absence of one of the two preliminary injunction factors, we may affirm the denial of a preliminary injunction if the appellant fails to carry her burden of showing an abuse of discretion as to *either* factor. (*Cohen v. Board of Supervisors* (1985) 40 Cal.3d 277, 286-287; *IT Corp.*, *supra*, 35 Cal.3d at pp. 69-70.)

## II. Analysis

The trial court did not abuse its discretion in denying plaintiff's motion for a preliminary injunction because substantial evidence supports the trial court's finding that plaintiff did not produce any quantum of evidence showing that, absent that injunction, she would suffer any injury or harm that qualifies as irreparable.

Functionally, plaintiff has identified three injuries or harms she claims to suffer by virtue of the Department's nonconsensual copying of *all* of the data on her cell phone— namely, (1) plaintiff was the victim of an unconstitutional "seizure" of that data when the Department initially created a mirror image of the data in July 2019; (2) plaintiff faces a potential injury if the Department accesses that copied data or shares it with a third party; and (3) plaintiff is injured by the Department's mere possession of her data, even if the Department never does anything with it.

The trial court did not abuse its discretion in concluding that none of these three injuries qualifies as the type of "irreparable injury" that must exist before a preliminary injunction may issue. The harm plaintiff suffered by virtue of

8

any unauthorized copying in July 2019 is wholly in the past; it cannot justify a preliminary injunction now. (*Gleaves v. Waters* (1985) 175 Cal.App.3d 413, 417 ["Past exposure to illegal conduct does not itself establish a right to injunctive relief . . ."].) Plaintiff has not established that the injury she might suffer from the Department accessing her copied data or sharing it with third parties is anything more than speculation or a "mere possibility" because the evidence indicates the Department has done nothing with her data since it copied that data more than 30 months ago. This falls far short of the necessary showing of "actual evidence" of a "realistic prospect that the party [to be] enjoined intends to engage in the prohibited activity." (*Korean Philadelphia Presbyterian Church v. California Presbytery* (2000) 77 Cal.App.4th 1069, 1084.) And the injury plaintiff suffers by the Department's mere continued possession of her data is at most a type of emotional distress damages, which is a type of damages regularly fixed by juries.[4] (E.g., *Thing v. La Chusa* (1989) 48 Cal.3d 644, 648-649 [emotional distress damages inflicted as a result of intentional conduct may be awarded by juries].) What is more, because all that the Department is doing is possessing *a copy* of the data on plaintiff's phone (rather than the phone itself), this is not a situation where the Department's continued possession deprives *plaintiff* of any right or access to the phone or the information on it. (Cf. *Blair v. Pitchess* (1971) 5 Cal.3d 258, 284 [seizure of tangible goods can constitute irreparable harm, even if temporary], superseded by statute on other grounds as

---

[4]     To the extent the Department's conduct is merely negligent, any emotional distress plaintiff suffered is not compensable at all—via damages or in equity. (*Branch v. Homefed Bank* (1992) 6 Cal.App.4th 793, 801.)

described in *Simms v. NPCK Enterprises, Inc.* (2003) 109 Cal.App.4th 233, 242-243.)

## III. Plaintiff's Further Arguments

Plaintiff responds with what can be grouped into four categories of arguments.

First, plaintiff argues that the trial court got the law wrong in rejecting her motion based solely on her failing to show any "irreparable injury" because, according to plaintiff, there is no formal requirement that a party seeking a preliminary injunction show some quantum of irreparable injury. Admittedly, the case law on this point is murky, with some cases seeming to erect a separate, threshold prerequisite of irreparable injury (*Costa Mesa*, *supra*, 209 Cal.App.4th at p. 306), and others seeming to disclaim any such separate prerequisite except in very specific circumstances (*White*, *supra*, 30 Cal.4th at p. 554; cf. *IT Corp.*, *supra*, 35 Cal.3d at p. 72; *FXS Management*, *supra*, 2 Cal.App.5th at pp. 1158-1159 [where government entity moves for preliminary injunction to enforce a statute, relative balance of harms is rebuttably presumed to favor injunction unless person to be enjoined shows "grave or irreparable harm from the issuance of the preliminary injunction"]). We need not wade through this quicksand because, as our discussion of the case law above establishes, a movant's request for a preliminary injunction may be denied if she fails to adduce some evidence that she "will suffer" or is "threatened" with suffering "irreparable injury" "if an injunction does not issue" (*Loder*, *supra*, 216 Cal.App.3d at p. 786; *Intel Corp.*, *supra*, 30 Cal.4th at p. 1352); this power to deny relief exists regardless of whether this minimum threshold showing of *some* irreparable injury is classified as a third, separate factor operating as a prerequisite to

10

preliminary injunctive relief or instead as part of the threshold that must be satisfied before a party is entitled to have a court engage in relative balancing of harms factor. (Accord, *City of Torrance v. Transition Living Centers for Los Angeles, Inc.* (1982) 30 Cal.3d 516, 526 [quoting cases favorably that seem to indicate irreparable injury is an absolute requirement].) Plaintiff cites language from cases indicating that an express finding of irreparable injury is not required, but those cases deal with how a court's ruling is to be documented; they do not purport to examine whether there is a substantive requirement of irreparable injury. (*Conover v. Hall* (1974) 11 Cal.3d 842, 850; *Volpicelli*, *supra*, 109 Cal.App.3d at p. 248.)

Second, plaintiff claims that she *did* establish the minimum quantum of irreparable injury necessary to require the trial court to fully address the balance of relative harms and the merits of her claims. She makes three points in this regard. To begin, she argues that *any* constitutional violation automatically establishes irreparable injury as a matter of law. She is wrong, as the cases she cites involve violations of the First Amendment (*Elrod v. Burns* (1976) 427 U.S. 347, 373; accord, *Loder*, *supra*, 216 Cal.App.3d at p. 780 ["Nowhere did the *Elrod* court suggest that constitutional violations other than those offending the First Amendment automatically amount to irreparable injury"]), involve a factual showing of irreparable injury (*Robbins v. Superior Court* (1985) 38 Cal.3d 199, 213-218), or do not discuss the irreparable injury requirement at all (*American Academy of Pediatrics v. Van de Kamp* (1989) 214 Cal.App.3d 831, 837-838; *Long Beach City Employees Assn. v. City of Long Beach* (1986) 41 Cal.3d 937, 940-941, 946, 948). Plaintiff next asserts that she suffered irreparable injury because she did not *seek* damages. We

11

reject this assertion. As noted above, an injury may be irreparable because damages are incalculable; if, as plaintiff seems to suggest, an injury became irreparable merely because a plaintiff did not seek damages that were otherwise calculable, then every plaintiff would have a surefire way to satisfy the irreparable injury requirement. We decline to create such a cheat. Plaintiff contends that she *sufficiently proved* irreparable harm (with evidence) because (1) she opined that the time she spent in this litigation caused her emotional distress, (2) she found one WeChat message on her phone (after she retrieved it from the Department) that had been translated from Chinese to English, and (3) a litigant in a different case against her has subpoenaed the data in the Department's possession, and that data is now subject to a litigation hold. These contentions also lack merit: The time plaintiff spent litigating this case, even if we assume it is a compensable form of damage,[5] would be a type of emotional distress, and emotional distress damages are regularly proven in court; there is no evidence that Detective Jara or anyone else at the Department hit the translate button on one message on plaintiff's cell phone, so plaintiff's supposition that Detective Jara did so is pure speculation; and the litigation hold presents no danger because, as the trial court observed, the court managing discovery in that other case will be the one to regulate any access to that data, so no injunction in *this* case will impact that other litigation.

---

[5] This is a dubious assumption, for if the investment of time in litigation were enough to give rise to a claim, it would exist in every case and we would be inundated with lawsuits seeking compensation for being the subject of lawsuits.

12

Third, plaintiff asserts that the Department has yet to articulate a counterbalancing justification for retaining her cell phone data that would be harmed by its surrender back to her. This assertion is beside the point because a court may balance the relative harms only if the party moving for a preliminary injunction first proves some irreparable injury; here, as we have explained, plaintiff has not.

Fourth, plaintiff exhaustively argues that her claims have merit. Because we have an independent basis for affirming the trial court's denial of her motion for a preliminary injunction, we have no occasion to address those arguments.

## DISPOSITION

The order is affirmed. The County is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT

We concur:


_____, P. J.

LUI


_____, J.

CHAVEZ

13